```
            IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division

MARY COLON,                     )
                                )
     Petitioner,                )
                                )
          v.                    )        1:12-cr-204 (JCC)
                                )
UNITED STATES OF AMERICA,       )
                                )
     Respondent                 )
```

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Petitioner Mary Colon's Motion for a Writ of Error *Coram Nobis*, pursuant to 28 U.S.C. § 1651. [Dkt. 23.] Having considered Petitioner's arguments and the Government's opposition, the Court will deny the motion.

**I. Background**

Mary Colon ("Petitioner" or "Colon") was born in the Dominican Republic, but has lived in the United States since 1990. (Presentence Report ("PSR") [Dkt. 11], ¶ 50.) She is a legal permanent resident. (*Id.*) From approximately January 2008 to February 2011, Petitioner worked with co-conspirator Jose Longo and others to obtain kilogram quantities of heroin to repackage and sell for a profit. (Statement of Facts ("SOF") [Dkt. 7], ¶¶ 1-4.) On or around February 3, 2011, Petitioner and Longo met with an undercover law enforcement agent and agreed to purchase a kilogram

1

of heroin from the agent for $50,000.  (*Id.*, ¶ 4.)  The meeting was audio and video recorded.  (*Id.*)

On May 29, 2012, Colon pled guilty to conspiracy to distribute one kilogram or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Colon's guilty plea was entered pursuant to a plea agreement with the Government.  [Dkt. 6.]

On August 24, 2012, Colon was sentenced to sixty months' imprisonment.  [Dkt. 17 at 4.]  She was also sentenced to three years of supervised release, with the special conditions that Colon participate in mental health treatment and counseling, that Colon be surrendered to a duly-authorized immigration official of the Department of Homeland Security Bureau of Immigration and Customs Enforcement ("ICE") for deportation review, and that, if ordered deported, Colon remain outside the United States.  [*Id.*]  On March 17, 2015, Colon was released from custody and placed in removal proceedings with ICE.

Colon filed the instant petition on April 22, 2016.  [Dkt. 23.]  The Government filed its opposition on June 1, 2016.  [Dkt. 32.]  Colon replied on July 11, 2016.  [Dkt. 35.]  This motion is now ripe for disposition.

## II. Standard of Review

In *United States v. Morgan*, 346 U.S. 502 (1954), the Supreme Court established that federal courts have the power under the All-Writs Act, 28 U.S.C. § 1651(a), to grant a writ of error *coram nobis* to vacate a conviction after the sentence has been served. *See United States v. Mandel*, 862 F.2d 1067, 1075 (4th Cir. 1988). The Court warned that the extraordinary remedy should be issued, however, "only under circumstances compelling such action to achieve justice." *Morgan*, 346 U.S. at 511. In other words, an error "of the most fundamental character" must have occurred, and no other remedy must be available. *Id.*

More specifically, a petitioner seeking a writ of error *coram nobis* must show the following: (1) a more usual remedy is not available; (2) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; (3) valid reasons exist for not attacking the conviction earlier; and (4) the error is of the most fundamental character. *See United States v. Akinsade*, 686 F.3d 248, 252 (4th Cir. 2012). Notably, for *coram nobis* petitions, "[n]o hearing is required when the record conclusively shows that the petitioner is entitled to no relief." *United States v. Wilson*, 77 F.3d 472 (4th Cir. 1996) (quoting *Fontaine v. United States*, 411 U.S. 213, 215 (1973)).

### III. Analysis

At its essence, Colon's argument is one of ineffective assistance of counsel. Colon claims that she "did not know the

severe consequences that would come from accepting that guilty charge," that "[n]obody from the government told me I would ever have this consequence," and that her Plea Agreement does not contain "an advisement regarding immigration consequences." [Dkt. 23 at 2, 9.] Colon also argues that her attorney was a "criminal attorney and therefore I did not know about immigration laws." [*Id.*] She attaches to her Petition a copy of the Supreme Court's opinion in *Padilla v. Kentucky*, 559 U.S. 356 (2010). [*Id.* at 44-85.] Colon appears to be arguing that her defense counsel's alleged failure to advise her that her guilty plea carried a risk of deportation, as required by *Padilla*, resulted in the violation of her Sixth Amendment right to effective assistance of counsel. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]") (internal citation and quotation omitted).

The Court does not need an evidentiary hearing to conclude that Colon is not entitled to a writ of error *coram nobis*. While the Government concedes that Colon has demonstrated that a more usual remedy is not available and that adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III, she fails to show that valid reasons exist for not attacking the conviction earlier or that the error is of the most fundamental character. Accordingly, the Court will deny her motion.

    A.   <u>Valid Reasons Exist for not Attacking Conviction Earlier</u>

The Fourth Circuit has previously held that "[a]lthough there is no firm limitation of time within which a writ of *coram nobis* will lie, petitioners are required to demonstrate that 'sound reasons exist for failure to seek appropriate earlier relief.'" *United States v. Rocky Mountain Corp.*, 442 Fed. App'x 875, 876 (4th Cir. 2011) (quoting *United States v. Morgan*, 346 U.S. 502, 512 (1954)).

In its opposition, the Government concedes that Colon's plea agreement, as well as the plea hearing, did not include a discussion of immigration consequences that might result from Colon's guilty plea. (Gov. Mem. in Opp. at 5.) The Government argues, however, that at least by the time Colon was sentenced – on August 24, 2012 – she had been informed that her conviction would result in a deportation review. (*Id.*) In fact, the Judgment entered on that date included the special conditions that Colon be surrendered to ICE for deportation review and that, if deported, Colon remain outside the United States. (*Id.*) Precisely due to this evidence of Colon's knowledge of the risk of deportation, the Government claims that she has provided no justification for waiting to attack her conviction in the intervening three years and seven months. (*Id.*)

Colon's reply to the Government's opposition argues that she was unable to attack her conviction earlier because she was unaware that her conviction would result in "an automatic mandatory deportation." [Dkt. 35 at 3.] She asserts that she first realized

that she would be deported on December 16, 2015. [*Id.*] Before that time, she thought that the language in her special conditions meant only that "[deportation] may or may not happen." [*Id.*] In other words, Colon appears to be claiming that she had no reason to attack her conviction before April 2016.

Unfortunately, Colon's relative uncertainty about the possibility of deportation, and her possible hope that she would not be deported at all, do not provide a legitimate justification for her delay. Colon has failed to establish a valid reason for not attacking her conviction earlier. Thus, the Court will deny her motion.

### B. The Error is of the Most Fundamental Character

Even assuming, *arguendo*, that Colon's petition was timely, she has not met her burden of demonstrating that the error was of the most fundamental character. As noted above, Colon appears to be arguing that her defense counsel's alleged failure to advise her that her guilty plea carried a risk of deportation, as required by *Padilla*, resulted in ineffective assistance of counsel. Such a claim is considered a fundamental error. *See United States v. Akinsade*, 686 F.3d 248, 256 (4th Cir. 2012).

Under the standard promulgated in *Strickland v. Washington,* 466 U.S. 668 (1984), a petitioner is required to demonstrate two elements in order to state a successful claim for ineffective assistance of counsel: (1) "counsel's representation

fell below an objective standard of reasonableness"; and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 688, 694. The Fourth Circuit has labeled the two prongs of the *Strickland* test as the "performance prong" and the "prejudice prong." *See Fields v. Attorney Gen. of Md.*, 956 F.2d 1290, 1297 (4th Cir. 1992). "Failure to make the required showing of either [prong] defeats the ineffectiveness claim." *Strickland*, 466 U.S. at 700.

To establish constitutionally deficient performance under the first prong, a petitioner must demonstrate that his lawyer "made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." *Strickland,* 466 U.S. at 687. Such a showing must go beyond establishing that counsel's performance was below average, since "effective representation is not synonymous with errorless representation." *Springer v. Collins,* 586 F.2d 329, 332 (4th Cir. 1978); *see also Strickland,* 466 U.S. at 687. Given it is all too easy to challenge an act, omission, or strategy once it has proven unsuccessful, "every effort [must] be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland,* 466 U.S. at 689. Moreover, in assessing performance, a court must apply a "heavy measure of deference to counsel's judgments." *Strickland,* 466 U.S. at 691.

The second prong of the *Strickland* test requires a petitioner to "affirmatively prove prejudice," which necessitates a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694. The district court applies a slightly modified prejudice standard when a petitioner alleges ineffective assistance associated with the entry of a guilty plea, requiring the petitioner to demonstrate that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart,* 474 U.S. 52, 59 (1985).

Here, Colon's allegation that she was not aware of the immigration consequences of pleading guilty is in direct conflict with defense counsel's declaration. Colon's counsel argues that, "[i]n the fourteen-month period between my appointment and Ms. Colon's plea, I had many discussions with Ms. Colon regarding the possible severe effects that a conviction . . . could have on her immigration status." [Dkt. 31, ¶ 5.] More specifically, he advised her "that it was almost an absolute certainty that if she were convicted of the charges against her in this case, whether by plea or at trial, she would be detained by immigration authorities following her incarceration and subject to deportation thereafter." [*Id.*] Ms. Colon's attorney communicated the seriousness of these consequences in both English and Spanish. [*Id.*, ¶ 7.] Moreover,

prior to Colon's guilty plea, defense counsel "repeatedly advised her of the severe implications this criminal case could have on her immigration status. I do not believe I could have been clearer on this issue." [*Id.*, ¶ 8.] Accordingly, the Court finds that Colon has not met her burden of proving that her counsel's conduct was objectively unreasonable.

Because Colon failed to prove the performance prong of the *Strickland* test, this Court declines to address the prejudice prong. Having failed to establish ineffective assistance of counsel, Colon cannot meet her burden of demonstrating that there was an error of the most fundamental character. Accordingly, the Court will deny her motion.

### IV. Conclusion

For the foregoing reasons, Petitioner's Motion for a Writ of Error *Coram Nobis* does not meet the exceptional circumstances to warrant relief, and it is accordingly **DENIED**.

An appropriate Order shall issue.

Petitioner has sixty (60) days from the date of entry of the accompanying Order in which to file an appeal.

December 12, 2016  
Alexandria, Virginia

/s/  
James C. Cacheris  
UNITED STATES DISTRICT COURT JUDGE